### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW CARRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:** |
| | ) | |
| **v.** | ) | |
| | ) | **Removed from:** |
| **TLG 634 GRAND LLC,** | ) | **Circuit Court of the City of** |
| **d/b/a THE ANGAD ARTS HOTEL** | ) | **St. Louis** |
| | ) | **Case No. 2122-CC00512** |
| **and** | ) | |
| | ) | |
| **THYSSENKRUPP ELEVATOR** | ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants** | | |

### NOTICE OF REMOVAL

**COMES NOW** Defendant, Thyssenkrupp Elevator Corporation ("hereinafter sometimes referred to as "TKE") and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 hereby removes this action from the Circuit Court of the City of St. Louis, Missouri to the Eastern Division of the United States District Court for the Eastern District of Missouri.  The basis for the Removal of this action is that based on information and belief, there is diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

In support of its Notice of Removal, TKE states as follows:

1.      On or about March 11, 2021, Plaintiff Matthew Carron filed a Petition against Defendants TLG 634 Grand LLC, d/b/a The Angad Arts Hotel (hereinafter sometimes referred to as "TLG 634 Grand") and Thyssenkrupp Elevator Corporation in the Circuit Court of the City of St. Louis, Case No. 2122-CC00512.

2.      This Defendant was served with a copy of the Summons and Petition on March

25, 2021.  A copy of the Petition is attached hereto as Exhibit 1.

3.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by TKE pursuant to the provisions of 28 U.S.C. § 1441 in that upon information and belief, it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## BASES FOR REMOVAL

**Diversity of Citizenship**

4.      Plaintiff is an individual resident and citizen of Florida.

5.      TKE is a corporation duly authorized under the laws of the state of Delaware with its principal place of business in Georgia.  For purposes of diversity of citizenship, TKE is a citizen of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

6.      Upon information and belief, Defendant TLG 634 Grand LLC is a limited liability company composed of two members; one member is an individual who is a citizen of the state of Missouri, and the other member is Caparao Real Estate Holdings, LLC.  Caparo Real Estate Holdings LLC is a Limited Liability Company whose sole member is Caparo Bull Moose, Inc., a corporation, which is incorporated in Delaware, with its principal place of business in Chesterfield, Missouri.  Therefore, TLG 634 Grand, LLC is a citizen of the states of Missouri and Delaware for purposes of Removal.  *See GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (limited liability companies are, for purposes of diversity jurisdiction, citizens of the states of citizens of all members).

7.      Therefore, Plaintiff is a citizen of Florida, while Defendants are citizens of

Delaware, Georgia, and Missouri, meaning complete diversity of citizenship exists, and this

Court therefore has subject-matter jurisdiction.

**Amount in Controversy**

8.      Although Plaintiff did not plead a dollar amount in the prayer of his Petition, TLG

634 Grand's Interrogatory Number 14, requested the dollar amount of damages Plaintiff was

seeking as compensation for his injuries and in his response of April 22, 2021, Plaintiff's counsel

stated the following:

> Plaintiff sent a demand for settlement to Defendants in this case on
> November 20, 2020 offering to release claims against Defendants in
> exchange for $1.5 million dollars. Defendants rejected Plaintiff's demand
> and made no counter offer. Plaintiff reserves the right to modify this
> amount before presentation to the jury. As trial approaches, Plaintiff will
> be seeking a dollar amount of damages in excess of $1.5 million.

9.      A copy of portions of Plaintiff's Answers to TLG 634 Grand's First

Interrogatories is attached hereto as Exhibit 2.

10.     Accordingly, the amount in controversy for this case is in excess of Seventy-Five

Thousand Dollars exclusive of interest and costs.

**Timeliness**

11.     TKE was not on notice that this case was removable at the time of the service of

Plaintiff's initial pleading, or at the time TKE filed its Answer in state court, for the reason that

Plaintiff chose to plead not his current residence or citizenship but rather that he ***had been*** a

resident of O'Fallon, Missouri "at all times mentioned herein."  As discussed above, upon

information and belief Defendant TLG 634 Grand, LLC has an individual member who was a

citizen and resident of Missouri, meaning complete diversity of citizenship would not have

existed if Plaintiff were truly a resident and citizen of Missouri.  But, as explained more fully

below, TKE has learned within the past 30 days that Plaintiff is actually not a current resident or

3

citizen of Missouri and, therefore, that complete diversity of citizenship exists.

12.     Because it could not be ascertained based on Plaintiff's initial pleading that this case was removable, TKE timely filed in state court its Answer to Plaintiff's Petition and a Motion to Strike portions of Plaintiff's Petition on April 23, 2021.  A copy of the Answer is included with other pleadings contained within the state court file from the Circuit Court of the City of St. Louis which is attached hereto as Attachment A.

13.     On or about April 22nd, Plaintiff provided Answers to TLG 634 Grand's First Interrogatories.  Because TKE had not yet entered an appearance at this time, these interrogatory answers were not served on TKE's counsel at that time.  However, counsel for TKE first learned of these disclosures on the evening of April 23, when copies of Plaintiff's answers to TLG 634 Grand's First Interrogatories were forwarded by counsel for TLG 634 Grand to counsel for TKE.

14.     For the first time, in answer to TLG 634 Grand's Interrogatories 1 and 2, Plaintiff disclosed that he is actually now a resident of Sanford**, *Florida*** and has been employed in Florida continuously from February of 2020 to the present.  Portions of Plaintiff's Answers to Interrogatory Numbers 1, 2 and 14 are attached hereto as Exhibit 2.  It was not until receipt of these interrogatory answers that it became ascertainable that this case was removable.[1]

15.     Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after TKE's receipt of Plaintiff's interrogatory answers, the document from which it could first be ascertained that the case is removable.

**Procedural Requirements**

16.     In compliance with 28 U.S.C. § 1446(a) and Eastern District of Missouri Local

---

[1]"In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." 4 Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir.2001)..." Knudson v. Sys. Painters Inc., 634 F.3d 968 (8th Cir. 2011)

Rule 81-2.03 TKE has attached as Attachment A  true and legible copies of the complete state court file of this case including a copy of the docket sheet and state-court file from the Circuit Court of the City of St. Louis.

17.     In compliance with the Eastern District of Missouri "Removal Case Check List", copies of all motions and responses to those motions filed in the state court are attached hereto as Attachment B, together with a cover sheet indicating which motions are currently pending.

18.     Co-Defendant TLG 634 Grand consents to this Removal as shown in the Consent to Removal of TLG 634 Grand, which is attached hereto as Exhibit 3.

19.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, TKE will give written notice thereof to the Plaintiff and will file a copy of such notice with the Clerk of the Circuit Court for the City of St. Louis, Missouri.

WHEREFORE, Thyssenkrupp Elevator Company hereby removes this case from the Circuit Court of the City of St. Louis, State of Missouri to this Honorable Court and respectfully requests that hereafter this Court exercise jurisdiction over this matter.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

By: */s/ Peter B. Hoffman*
Peter B. Hoffman, # MO 25645
100 North Broadway, 21st Floor
St. Louis, MO 63102
(314) 345-5000
(314) 345-5055 (facsimile)
hoffman@bscr-law.com

*-and-*

Douglas P. Hill, # MO 62950
400 Pershing Road, Suite 500
Kansas City, MO  64108
(816) 471-2121
(816) 472-0288 (facsimile)
dhill@bscr-law.com

**ATTORNEYS FOR DEFENDANT**
**THYSSENKRUPP ELEVATOR**
**CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on May 13, 2021, the foregoing was filed through the Court's electronic filing system, with service to be accomplished by that system on all counsel of record.  In addition, a true and accurate copy of the above and foregoing was served by United States Mail, postage prepaid, to the following counsel:

Ryan A. Keane
Steven Duke
Keane Law, LLC
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
ryan@keanelawllc.com
steve@keanelawllc.com

and

C. Zachary Vaughn
Brent L. Salsbury
Wiedner & McAuliffe, Ltd.
101 S. Hanley, Suite 1450
St. Louis, MO 63105
czvaughn@wmlaw.com
Blsalsbury@wmlaw.com

*/s/ Peter B. Hoffman*