

Search for Cases by:  Select Search Method...  ⌄

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff ROBERTCHANDLER

2122-CC00512 - MATTHEW CARRON V TLG 634 GRAND LLC ET AL (E-CASE)

| Case FV Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ○ Descending  ● Ascending

Display Options:  All Entries  ⌄

---

**03/11/2021** ☐ Judge Assigned

☐ **Pet Filed in Circuit Ct**
Petition; Filing Info Sheet.
**Filed By:** RYAN ALEXANDER KEANE
**On Behalf Of:** MATTHEW CARRON

☐ **Filing Info Sheet eFiling**
**Filed By:** RYAN ALEXANDER KEANE

**03/16/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-1737, for THYSSENKRUP ELEVATOR CORPORATION.

☐ **Entry of Appearance Filed**
Entry of Appearance, Electronic Filing Certificate of Service.
**Filed By:** STEVEN WILLIAM DUKE
**On Behalf Of:** MATTHEW CARRON

☐ **Motion Special Process Server**
Request for Appointment of Process Server.
**Filed By:** RYAN ALEXANDER KEANE
**On Behalf Of:** MATTHEW CARRON

**03/23/2021** ☐ **Entry of Appearance Filed**
Entry of Appearance, Electronic Filing Certificate of Service.
**Filed By:** CHARLES ZACHARY VAUGHN
**On Behalf Of:** TLG 634 GRAND LLC

☐ **Answer Filed**
DEFENDANT TLG 634 N GRAND, LLC¿S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MATTHEW CARRON'S PETITION; Electronic Filing Certificate of Service.
**Filed By:** BRENT LARSEN SALSBURY

☐ **Entry of Appearance Filed**
ENTRY OF APPEARANCE for Defendant TLG 634 N GRAND, LLC, (INCORRECTLY NAMED AS TLG 634 NORTH GRAND, LLC), in the above entitled cause; Electronic Filing Certificate of Service.
**Filed By:** BRENT LARSEN SALSBURY

☐ **Cert Serv Req Prod Docs Things**
Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** BRENT LARSEN SALSBURY
**On Behalf Of:** TLG 634 GRAND LLC

**03/24/2021** ☐ **Summons Issued-Circuit**

Attachment A

Document ID: 21-SMCC-2002, for THYSSENKRUP ELEVATOR CORPORATION.

**03/25/2021**  ☐ **Notice to Take Deposition**
Notice of Deposition - Paric Corporation; Electronic Filing Certificate of Service.
> **Filed By:** BRENT LARSEN SALSBURY
> **On Behalf Of:** TLG 634 GRAND LLC

**03/29/2021**  ☐ Jury Trial Scheduled
> **Scheduled For:** 09/13/2021;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

**03/30/2021**  ☐ **Notice of Service**
Return of Service - Thyssenkrup; Electronic Filing Certificate of Service.
> **Filed By:** RYAN ALEXANDER KEANE
> **On Behalf Of:** MATTHEW CARRON

☐ **Corporation Served**
Document ID - 21-SMCC-2002; Served To - THYSSENKRUP ELEVATOR CORPORATION; Server - ;
Served Date - 25-MAR-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason
Description - Served; Service Text - RECEIVED BY LAUREN SHIPLEY/ AUTH AGENT

**04/13/2021**  ☐ **Motion to Strike**
Mot and Inc Memo to Strike Aff Defs; Electronic Filing Certificate of Service.
> **Filed By:** RYAN ALEXANDER KEANE
> **On Behalf Of:** MATTHEW CARRON

**04/14/2021**  ☐ **Cert Serv Req Prod Docs Things**
COS First Rogs and RFP to TLG 634 Grand LLC; Electronic Filing Certificate of Service.
> **Filed By:** RYAN ALEXANDER KEANE
> **On Behalf Of:** MATTHEW CARRON

**04/16/2021**  ☐ **Notice to Take Deposition**
Amended Notice of Deposition - Paric Corporation; Electronic Filing Certificate of Service.
> **Filed By:** BRENT LARSEN SALSBURY
> **On Behalf Of:** TLG 634 GRAND LLC

**04/20/2021**  ☐ **Motion to Strike**
DEFENDANT TLG 634 N GRAND, LLCS MOTION TO STRIKE PLAINTIFFS PRAYER FOR PUNITIVE
DAMAGES; Electronic Filing Certificate of Service.
> **Filed By:** BRENT LARSEN SALSBURY
> **On Behalf Of:** TLG 634 GRAND LLC

**04/22/2021**  ☐ **Certificate of Service**
Certificate of Service of Rogs Rfp; Electronic Filing Certificate of Service.
> **Filed By:** STEVEN WILLIAM DUKE
> **On Behalf Of:** MATTHEW CARRON

**04/23/2021**  ☐ **Subpoena Served**
Subpoena Served
> **Filed By:** BRENT LARSEN SALSBURY
> **On Behalf Of:** TLG 634 GRAND LLC

☐ **Entry of Appearance Filed**
Entry of Appearance of Peter B. Hoffman; Electronic Filing Certificate of Service.

**Filed By:** PETER BOONE HOFFMAN

☐ **Answer Filed**

Answer of TK Elevator Corporation formerly known as Thyssenkrupp Elevator Corporation to Plaintiffs Petition; Electronic Filing Certificate of Service.

**Filed By:** PETER BOONE HOFFMAN

☐ **Motion to Strike**

**Filed By:** PETER BOONE HOFFMAN

**On Behalf Of:** THYSSENKRUP ELEVATOR CORPORATION

04/26/2021 ☐ **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** DOUGLAS PHILIP HILL

**On Behalf Of:** THYSSENKRUP ELEVATOR CORPORATION



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2122-CC00512 |
| Plaintiff/Petitioner:<br>MATTHEW CARRON | Plaintiff's/Petitioner's Attorney/Address<br>RYAN ALEXANDER KEANE<br>7777 Bonhomme Ave.<br>SUITE 1600<br>ST LOUIS, MO  63105 |
|                 vs. | |
| Defendant/Respondent:<br>TLG 634 GRAND LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  THYSSENKRUP ELEVATOR CORPORATION
                   **Alias:**

PRENTICE HALL CORP SYSTEM
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101
*COURT SEAL OF*

**COLE COUNTY, MO**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CITY OF ST LOUIS*

**March 16, 2021**
_____
Date

*Thomas Kloeppinger*
_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                     Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____. |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - March 16, 2021 - 10:51 AM

IN THE 22ND JUDICIAL CIRCUIT COURT, _____ CITY OF ST LOUIS _____, MISSOURI

Matthew Carron,

   Plaintiff,

       vs.

Tlg 634 Grand Llc Et Al,

   Defendant.

Case Number:  2122-CC00512

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Matthew Carron, Plaintiff, in the above-styled cause.

/s/ Steven W. Duke
_____
Steven William Duke
Mo Bar Number: 68034
Attorney for Plaintiff
7777 Bonhomme Ave.
Suite 1600
St. Louis, MO 63105
Phone Number: (314) 391-4700
steve@keanelawllc.com

### Certificate of Service

I hereby certify that on _____ March 16th, 2021 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Steven W. Duke
_____
Steven William Duke

Electronically Filed - City of St. Louis - March 16, 2021 - 11:50 AM

**In the**
# CIRCUIT COURT
## City of St. Louis, Missouri



Matthew Carron
_____
Plaintiff/Petitioner

vs.

TLC 634 Grand LLC et al.
_____
Defendant/Respondent

03/16/2021
_____
Date

2122-CC00512
_____
Case number

1
_____
Division

┌ For File Stamp Only ┐

└ ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, Matthew Carron _____, pursuant
                    Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Rufus Harmon                    PO Box 1794 Jefferson City, MO 65101   573-635-6690
_____
Name of Process Server              Address                          Telephone

_____
Name of Process Server              Address                          Telephone

_____
Name of Process Server              Address                          Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:

Thyssenkrupp Elevator Corporation               _____
_____                Name
Name
221 Bolivar Street                              _____
_____                Address
Address
Jefferson City, MO 65101                        _____
_____                City/State/Zip
City/State/Zip

SERVE:                                          SERVE:

_____                _____
Name                                            Name

_____                _____
Address                                         Address

_____                _____
City/State/Zip                                  City/State/Zip

Appointed as requested:

**TOM KLOEPPINGER**, Circuit Clerk                Ryan A. Keane
                                                _____
                                                Attorney/Plaintiff/Petitioner
                                                62112
By_____              _____
                                                Bar No.
   Deputy Clerk                                 7777 Bonhomme Ave., Suite 1600, Clayton, MO
                                                _____
                                                Address
                                                314-391-4700
_____                _____
Date                                            Phone No.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:02 AM

IN THE CIRCUIT COURT OF CITY OF ST. LOUIS
STATE OF MISSOURI

MATTHEW CARRON,

                                      Plaintiff,

          vs.

TLG 634 NORTH GRAND LLC

and

THYSSENKRUPP ELEVATOR
CORPORATION

                Defendants.

No. 2122-CC00512

**DEMANDS JURY TRIAL**

## <u>ENTRY OF APPEARANCE</u>

    COMES NOW C. Zachary Vaughn of Wiedner & McAuliffe, Ltd., and hereby enter their Appearance as attorney for Defendant TLG 634 N GRAND, LLC, (INCORRECTLY NAMED AS TLG 634 NORTH GRAND, LLC), in the above entitled cause.

                      Respectfully submitted,

                      WIEDNER & MCAULIFFE, LTD.

                       */s/ C. Zachary Vaughn*
                      C. Zachary Vaughn, #56408
                      Brent L. Salsbury, #58194
                      WIEDNER & McAULIFFE, LTD.
                      101 S. Hanley, Suite 1450
                      St. Louis, Missouri 63105
                      (314) 721-3400 – telephone
                      (314) 725-5755 – fax
                      <u>czvaughn@wmlaw.com</u>
                      <u>blsalsbury@wmlaw.com</u>
                      *Attorneys for Defendant*

Electronically Filed - City of St. Louis - March 23, 2021 - 11:02 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served the 23rd day of

March 2021, via this Court's electronic filing system, to the following:

Ryan A. Keane
Steven Duke
KEANE LAW LLC
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Ph: (314) 391-4700
Fx: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com
Attorneys for Plaintiff

/s/ C. Zachary Vaughn

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

IN THE CIRCUIT COURT OF CITY OF ST. LOUIS
STATE OF MISSOURI

MATTHEW CARRON,

                              Plaintiff,

        vs.

TLG 634 NORTH GRAND LLC                          No. 2122-CC00512

and

THYSSENKRUPP ELEVATOR
CORPORATION
                                                 **DEMANDS JURY TRIAL**

                              Defendants.

**<u>DEFENDANT TLG 634 N GRAND, LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF MATTHEW CARRON'S PETITION</u>**

        COMES NOW Defendant TLG 634 N Grand, LLC, (incorrectly named as TLG 634
North Grand, LLC (hereinafter "Defendant"), by and through its undersigned counsel, Wiedner
& McAuliffe, Ltd., and for its Answer to Plaintiff Matthew Carron's Petition, states as follows:

## <u>INTRODUCTION</u>

        1.      Defendant admits that Plaintiff used an elevator at Angad Arts Hotel in St. Louis,
Missouri on October 20, 2019.   However, Defendant is without sufficient information with
which to admit or deny the remaining allegations contained in Paragraph 1 of Plaintiff's Petition
and, therefore, denies the same.

## <u>PARTIES AND VENUE</u>

        2.      Defendant is without sufficient information with which to admit or deny the
allegations contained in Paragraph 2 of Plaintiff's Petition and, therefore, denies the same.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Petition.

4.      Defendant admits that Angad Arts is a hotel located St. Louis, Missouri open to the general public.   Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Petition.

5.      Defendant makes no Answer to the allegations in Paragraph 5 of Plaintiff's Petition as it is not directed toward this Defendant.   Should said allegations be construed as directed against this Defendant, this Defendant denies the same.

6.      Defendant admits that Angad Arts Hotel is located at 3550 Samuel Shepard Drive, St. Louis, Missouri.   However, Defendant makes no Answer to the remaining allegations in Paragraph 6 of Plaintiff's Petition as said allegations are legal conclusions.   Should said allegations be construed as factual allegations against this Defendant, this Defendant denies the same.

## FACTS COMMON TO ALL COUNTS

7.      Defendant restates and incorporates by reference its answers to Paragraphs 1-6 of Plaintiff's Petition, as more fully set forth herein.

8.      Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Petition and, therefore, denies the same.

9.      Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Petition and, therefore, denies the same.

10.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Petition and, therefore, denies the same.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

11.     Defendant admits that Plaintiff and a friend used an elevator at the Hotel on October 20, 2019. However, Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Petition.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Petition.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Petition.

14.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Petition and, therefore, denies the same.

15.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Petition and, therefore, denies the same.

16.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Petition and, therefore, denies the same.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Petition.

18.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Petition and, therefore, denies the same.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Petition.

20.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Petition and, therefore, denies the same.

21.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Petition and, therefore, denies the same.

22.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Petition and, therefore, denies the same.

23.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Petition and, therefore, denies the same.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

24.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Petition and, therefore, denies the same.

25.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Petition and, therefore, denies the same.

26.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Petition and, therefore, denies the same.

27.     Defendant is without sufficient information with which to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Petition and, therefore, denies the same.

**Missouri's Safety Code for Elevators**

28.     Defendant restates and incorporates by reference its answers to Paragraphs 1-27 of Plaintiff's Petition, as more fully set forth herein.

29.     Defendant makes no Answer to Paragraph 29 of Plaintiff's Petition as said Paragraph is not directed toward this Defendant.  However, should said Paragraph be construed as directed toward this Defendant, this Defendant denies the same.

30.     Defendant makes no Answer to Paragraph 30 of Plaintiff's Petition as said Paragraph is not directed toward this Defendant.  However, should said Paragraph be construed as directed toward this Defendant, this Defendant denies the same.

31.     Defendant makes no Answer to Paragraph 31 of Plaintiff's Petition as the Safety Code for Elevators and Escalators speaks for itself.

32.     Defendant makes no Answer to Paragraph 32 of Plaintiff's Petition as the Missouri Code of State Regulations speaks for itself.

33.     Defendant makes no Answer to Paragraph 33 of Plaintiff's Petition as the Missouri Code of State Regulations speaks for itself.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

34.     Defendant makes no Answer to Paragraph 34 of Plaintiff's Petition as the Missouri Code of State Regulations speaks for itself.

35.     Defendant denies the allegation contained in Paragraph 35 of Plaintiff's Petition.

**COUNT I**
**NEGLIGENCE OF DEFENDANT TLG 634 GRAND LLC**

36.     Defendant restates and incorporates by reference its answers to Paragraphs 1-35 of Plaintiff's Petition, as more fully set forth herein.

37.     Defendant makes no Answer to the allegations in Paragraph 37 of Plaintiff's Petition as said allegations are legal conclusions.  Should said allegations be construed as factual allegations against this Defendant, this Defendant denies the same.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Petition, and each of its subparts.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Petition.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Petition.

WHEREFORE, having fully answered Count I of Plaintiff's Petition, Defendant TLG 634 N Grand, LLC requests the Court enter an Order dismissing Count I of Plaintiff's Petition, with prejudice, and for such further and additional relief as the Court deems just and proper.

**COUNT II**
**NEGLIGENCE PER SE OF DEFENDANT TLG 634 GRAND LLC**

41.     Defendant restates and incorporates by reference its answers to Paragraphs 1-40 of Plaintiff's Petition, as more fully set forth herein.

42.     Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Petition, and each of its subparts.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

43.     Defendant makes no Answer to the allegations in Paragraph 43 of Plaintiff's Petition as said allegations are legal conclusions.  Should said allegations be construed as factual allegations against this Defendant, this Defendant denies the same.

44.     Defendant makes no Answer to the allegations in Paragraph 44 of Plaintiff's Petition as said allegations are legal conclusions.  Should said allegations be construed as factual allegations against this Defendant, this Defendant denies the same.

45.     Defendant makes no Answer to the allegations in Paragraph 45 of Plaintiff's Petition as said allegations are legal conclusions.  Should said allegations be construed as factual allegations against this Defendant, this Defendant denies the same.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Petition.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Petition.

WHEREFORE, having fully answered Count II of Plaintiff's Petition, Defendant TLG 634 N Grand, LLC requests the Court enter an Order dismissing Count II of Plaintiff's Petition, with prejudice, and for such further and additional relief as the Court deems just and proper.

## COUNT III
### PREMISES LIABILITY OF DEFENDANT TLG 634 GRAND LLC

48.     Defendant restates and incorporates by reference its answers to Paragraphs 1-47 of Plaintiff's Petition, as more fully set forth herein.

49.     Defendant admits the allegations contained in Paragraph 49 of Plaintiff's Petition

50.     Defendant makes no Answer to the allegations in Paragraph 50 of Plaintiff's Petition as said allegations are legal conclusions.  Should said allegations be construed as factual allegations against this Defendant, this Defendant denies the same.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Petition, and each of its subparts.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Petition.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Petition.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Petition.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Petition.

WHEREFORE, having fully answered Count III of Plaintiff's Petition, Defendant TLG 634 N Grand, LLC requests the Court enter an Order dismissing Count III of Plaintiff's Petition, with prejudice, and for such further and additional relief as the Court deems just and proper.

**COUNT IV**
**STRICT LIABILITY FOR PRODUCT DEFECT**
**OF DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION**

56-62. Defendant makes no Answer to the allegations in Count IV of Plaintiff's Petition as said allegations are not directed toward this Defendant. Should said allegations be construed as directed toward this Defendant, this Defendant denies the same.

**COUNT V**
**STRICT LIABILITY FOR FAILURE TO WARN DEFENDANT THYSSENKRUPP**
**ELEVATOR CORPORATION**

63-71. Defendant makes no Answer to the allegations in Count V of Plaintiff's Petition as said allegations are not directed toward this Defendant. Should said allegations be construed as directed toward this Defendant, this Defendant denies the same.

**COUNT VI**
**NEGLIGENCE OF DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION**
**FOR MANUFACTURE AND/OR DESIGN**

72-78. Defendant makes no Answer to the allegations in Count VI of Plaintiff's Petition as said allegations are not directed toward this Defendant. Should said allegations be construed as directed toward this Defendant, this Defendant denies the same.

**COUNT VII**

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

**NEGLIGENCE OF DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION
FOR A FAILURE TO WARN**

79-85. Defendant makes no Answer to the allegations in Count VII of Plaintiff's Petition as said allegations are not directed toward this Defendant.  Should said allegations be construed as directed toward this Defendant, this Defendant denies the same.

### COUNT VIII
**NEGLIGENCE *PER SE* OF DEFENDANT THYSSENKRUPP ELEVATOR
CORPORATION**

86-91. Defendant makes no Answer to the allegations in Count VIII of Plaintiff's Petition as said allegations are not directed toward this Defendant.  Should said allegations be construed as directed toward this Defendant, this Defendant denies the same.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's Petition failed to state a claim against Defendant upon which relief can be granted.

2.     If Plaintiff was injured, such injury was caused by the negligence, carelessness or fault of the Plaintiff.

3.     If Plaintiff was injured, this Defendant denies such injury was caused by the negligence, carelessness or fault of parties over which this Defendant has no control.

4.     In the event the Plaintiff has received or does receive any consideration or settlement for another tortfeasor, this Defendant is entitled to a setoff in the event of any such settlement.

5.     Defendant owes no duty to Plaintiff because Defendant was without notice of the condition Plaintiff has alleged to have proximately caused his injuries.

6.      Defendant owes no duty to Plaintiff because the condition Plaintiff alleged to have proximately caused his injuries was open and obvious.

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

WHEREFORE, having fully answered Plaintiff's Petition, Defendant TLG 634 N Grand, LLC requests the Court enter an Order dismissing Plaintiff's Petition, with prejudice, and for such further and additional relief as the Court deems just and proper.

Respectfully submitted,

WIEDNER & MCAULIFFE, LTD.

/s/ *Brent L. Salsbury*
C. Zachary Vaughn, #56408
Brent L. Salsbury, #58194
WIEDNER & McAULIFFE, LTD.
101 S. Hanley, Suite 1450
St. Louis, Missouri 63105
(314) 721-3400 – telephone
(314) 725-5755 – fax
czvaughn@wmlaw.com
blsalsbury@wmlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served the 23rd day of March 2021, via this Court's electronic filing system, to the following:

Ryan A. Keane
Steven Duke
KEANE LAW LLC
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Ph: (314) 391-4700
Fx: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com
Attorneys for Plaintiff

/s/ *Brent L. Salsbury*

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

IN THE CIRCUIT COURT OF CITY OF ST. LOUIS
STATE OF MISSOURI

MATTHEW CARRON,

                             Plaintiff,

      vs.

TLG 634 NORTH GRAND LLC

and

THYSSENKRUPP ELEVATOR
CORPORATION

                  Defendants.

No. 2122-CC00512

**DEMANDS JURY TRIAL**

## ENTRY OF APPEARANCE

COMES NOW Brent L. Salsbury of Wiedner & McAuliffe, Ltd., and hereby enter their Appearance as attorney for Defendant TLG 634 N GRAND, LLC, (INCORRECTLY NAMED AS TLG 634 NORTH GRAND, LLC), in the above entitled cause.

Respectfully submitted,

WIEDNER & MCAULIFFE, LTD.

*/s/ Brent L. Salsbury*
C. Zachary Vaughn, #56408
Brent L. Salsbury, #58194
WIEDNER & McAULIFFE, LTD.
101 S. Hanley, Suite 1450
St. Louis, Missouri 63105
(314) 721-3400 – telephone
(314) 725-5755 – fax
czvaughn@wmlaw.com
blsalsbury@wmlaw.com
*Attorneys for Defendant*

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served the 23rd day of

March 2021, via this Court's electronic filing system, to the following:

Ryan A. Keane
Steven Duke
KEANE LAW LLC
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Ph: (314) 391-4700
Fx: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com
Attorneys for Plaintiff

/s/ Brent L. Salsbury

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

IN THE CIRCUIT COURT OF CITY OF ST. LOUIS
STATE OF MISSOURI

MATTHEW CARRON,

                                Plaintiff,

        vs.                                         No. 2122-CC00512

TLG 634 NORTH GRAND LLC

and

THYSSENKRUPP ELEVATOR
CORPORATION
                                                    **DEMANDS JURY TRIAL**

                                Defendants.

### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of Defendant's Defendant

TLG 634 N Grand, LLC, (incorrectly named as TLG 634 North Grand, LLC (hereinafter

"Defendant") First Interrogatories and Request for Production of Documents to Plaintiff  were

sent via email in Microsoft Word format, this 23rd day of March, 2021 to:

Ryan A. Keane
Steven Duke
KEANE LAW LLC
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Ph: (314) 391-4700
Fx: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com
Attorneys for Plaintiff

Respectfully submitted,

Electronically Filed - City of St. Louis - March 23, 2021 - 11:05 AM

WIEDNER & MCAULIFFE, LTD.

 /s/ *Brent L. Salsbury*
C. Zachary Vaughn, #56408
Brent L. Salsbury, #58194
WIEDNER & McAULIFFE, LTD.
101 S. Hanley, Suite 1450
St. Louis, Missouri 63105
(314) 721-3400 – telephone
(314) 725-5755 – fax
czvaughn@wmlaw.com
blsalsbury@wmlaw.com
*Attorneys for Defendant*



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | **Case Number: 2122-CC00512** |
| Plaintiff/Petitioner:<br>MATTHEW CARRON | Plaintiff's/Petitioner's Attorney/Address<br>RYAN ALEXANDER KEANE<br>7777 Bonhomme Ave.<br>SUITE 1600<br>ST LOUIS, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>TLG 634 GRAND LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO  63101 |
| | *(Date File Stamp)* |

## Summons in Civil Case

The State of Missouri to:  **THYSSENKRUP ELEVATOR CORPORATION**
                           **Alias:**

**PRENTICE HALL CORP SYSTEM**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

|  |
|---|
| **SPECIAL PROCESS SERVER** |

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**March 24, 2021**
_____
Date

_____
Clerk

Further Information:
_____

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____
(name) _____ (title).
☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - March 25, 2021 - 04:10 PM

IN THE CIRCUIT COURT OF CITY OF ST. LOUIS
STATE OF MISSOURI

MATTHEW CARRON,

                    Plaintiff,

      vs.

TLG 634 NORTH GRAND LLC

and

THYSSENKRUPP ELEVATOR
CORPORATION

              Defendants.

No. 2122-CC00512

**DEMANDS JURY TRIAL**

## <u>NOTICE OF DEPOSITION</u>

**DEPONENT:**           Custodian of Records
                            Paric Corporation

**DATE AND TIME:**     Friday, April 16, 2021 at 11:00 a.m.

**COURT REPORTER:**   Magna Legal Services

      YOU ARE HEREBY NOTIFIED that the undersigned will take the deposition of the Custodian of Records of Paric Corporation before a Notary Public, or any other duly authorized officer, on **Friday, April 16, 2021 at 11:00 a.m.** at the above address.  You are hereby further notified pursuant to the Civil Practice Act and Rules of the Supreme Court of Missouri that you are by this notice required to produce and permit inspection and copying of any designated documents in the subpoena, attached hereto.  **With the agreement of all parties, the deponent may be excused from appearance at the location specified for document production and may produce the subpoenaed items pursuant to Rule 57.09(c) to Wiedner & McAuliffe, Ltd., 101 S. Hanley Road, Suite 1450, St. Louis, Missouri 63105.**

Respectfully submitted,

_/s/ Brent L. Salsbury_____
C. Zachary Vaughn, #56408
Brent L. Salsbury, #58194
Wiedner & McAuliffe
101 S. Hanley Road, Suite 1450
St. Louis, MO 63105
P: 314 721 3400
F: 314 725 5755
czvaughn@wmlaw.com
blsalsbury@wmlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

was sent via this Court's electronic filing system, this 25th day of March, 2021 to:

Ryan A. Keane
Steven Duke
KEANE LAW LLC
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Ph: (314) 391-4700
Fx: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com
Attorneys for Plaintiff

_/s/ Brent L. Salsbury_____

Electronically Filed - City of St. Louis - March 25, 2021 - 04:10 PM

STATE OF MISSOURI ⟩
CITY OF ST LOUIS ⟩ SS

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL COURT
### (ST. LOUIS CITY)

### SUBPOENA
**(Order to Appear and/or Produce Document)**

Matthew Carron
_____
**Plaintiff/Petitioner**

Ryan Keane
_____

(314 ) 391-4700
_____
**Attorney for Plaintiff/Petitioner**

Cause No. 2122-CC00512

**vs.**

Division No. _____

TLG 634 North Grand LLC
_____
**Defendant/Respondent**

Brent Salsbury
_____

(314 ) 721-3400
_____
**Attorney for Defendant/Respondent**

THE STATE OF MISSOURI, TO Custodian of Records, Paric Corporation

_____GREETING:

YOU ARE HEREBY COMMANDED. That setting aside all manner of excuse and delay, you be and appear at

77 Westport Plaza, Suite 250, St. Louis, MO 63146

in the City of St. Louis, on the 16th day of April 2021 at 11:00 o'clock A .M., and thereafter from time to time until the case can be disposed of or you are finally discharged.

☐ To testify on behalf of _____

☒ To produce the following: All documents related to the purchase, construction, and maintenance of the elevators of the Angad Arts Hotel project for TLG 634 N. Grand, LLC.

☐ _____

**Thomas L. Kloeppinger**
CIRCUIT CLERK

_Thomas Kloeppinger_

The attorney or party requesting attendance of witness is : Defendant TLG 634 N. Grand, LLC

☐ The date and hour that your testimony shall be required cannot be stated with certainty. Therefore, you are directed to telephone _____ at _____, between the hours of 9:00 AM and 5:00 PM on _____ at which time you will be further instructed concerning your appearance. Such instruction may require that you appear on a subsequent date, without further personal service.

**FORM 21 (12/99ML)**

Electronically Filed - City of St. Louis - March 25, 2021 - 04:10 PM

## OFFICER'S RETURN

Served a copy hereof, in the City of St. Louis, Missouri, on the _____ day of _____, _____ (by reading same) (by delivering a true copy) to the within names witness.

To summoning the witness                                     $_____

To the return of the non est on this subpoena               $_____

To _____ miles traveled serving this subpoena           $_____

                                    TOTAL FEES               $_____

Sheriff of the City of St. Louis


By_____
                    Deputy

## INSTRUCTIONS TO APPLY FOR WITNESS FEE

After the witness has testified of has been dismissed, the witness shall take this copy to the Office of the Circuit Clerk, or to the appropriate Division Clerk, for entry on the books as provided by law. Otherwise, witness fees cannot be taxed.

## WITNESS CLAIM

I hereby certify that I am entitled to _____ days and _____ miles for service as a witness under a subpoena.


_____
Witness signature

Subscribed and sworn before me and entered this _____ day of _____, _____


**Thomas L. Kloeppinger**
Circuit Clerk

Electronically Filed - City of St. Louis - March 25, 2021 - 04:10 PM

## RECORDS CERTIFICATION

RE:           Carron, Matthew v. TLG 634 N Grand, LLC
Claim No.      3447256
Court No.      N/A
D/A:          10/20/19

Before me, the undersigned authority, personally appeared _____,

who, being by me duly sworn, deposed as follows:

My name is _____, I am of sound mind, capable of making

this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of _____. Attached hereto are

_____ pages of records from _____. These _____ pages of records are

kept by _____ in the regular course of business, and it was the regular

course of business of _____ for an employee or representative of

_____ with knowledge of the act, event, condition, opinion, or

diagnosis recorded to make the record or to transmit information thereof to be included in such

record; and the record was made at or near the time of the act, event, condition, opinion or

diagnosis. The records attached hereto are the original or exact duplicates of the original.

_____

SUBSCRIBED AND SWORN TO before me

this _____ day of _____, _____.

_____

NOTARY PUBLIC

Electronically Filed - City of St. Louis - March 30, 2021 - 09:20 AM



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2122-CC00512 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MATTHEW CARRON | Plaintiff's/Petitioner's Attorney/Address<br>RYAN ALEXANDER KEANE<br>7777 Bonhomme Ave.<br>SUITE 1600 | |
| vs. | ST LOUIS, MO 63105 | |
| Defendant/Respondent:<br>TLG 634 GRAND LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO 63101 | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: **THYSSENKRUP ELEVATOR CORPORATION**
Alias:
PRENTICE HALL CORP SYSTEM
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**SPECIAL PROCESS SERVER**

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**March 24, 2021**                                         *Thomas Kloeppinger*

Date                                                                Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Lauren Shipley_ (name) _Authorized Agent_ (title).

☐ other: _____

Served at _221 Bolivar St. Jefferson City MO_ (address)

in _Cole_ (County/City of St. Louis), MO, on _3-25-21_ (date) at _11:30 AM_ (time)

_Rufus R. Havmen_                                       _Rufus R. Haumon_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Donna R. Meyr    Must be sworn before a notary public if not served by an authorized officer:
Notary Public-Notary Seal Subscribed and sworn to before me on _03-27-2021_ (date).
STATE OF MISSOURI
Commissioned for Cole County
My Commission Expires: March 3, 2025 Commission expires: _03-03-2025_    _Donna R. Meyr_
ID. #13435325                                                         Date                Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - April 14, 2021 - 12:30 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| MATTHEW CARRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2122-CC00512 |
| | ) | |
| TLG 634 GRAND LLC, | ) | |
| d/b/a THE ANGAD ARTS HOTEL, | ) | |
| and THYSSENKRUPP ELEVATOR | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of Plaintiff, Matthew Carron's

First Set of Interrogatories and First Requests for Production to Defendant TLG 634 Grand LLC,

were served in Microsoft Word format and in PDF format via electronic mail on this 14th day of

April, 2021 to all counsel of record.

> Respectfully submitted,
>
> KEANE LAW LLC
>
> By:   /s/ Ryan A. Keane
> Ryan A. Keane, # 62112
> Steven Duke, # 68034
> 7777 Bonhomme Ave, Ste 1600
> St. Louis, MO 63105
> Ph: (314) 391-4700
> Fx: (314) 244-3778
> ryan@keanelawllc.com
> steve@keanelawllc.com
> *Attorneys for Plaintiff*

1

Electronically Filed - City of St. Louis - April 14, 2021 - 12:30 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all attorneys of record.

*/s/ Ryan A. Keane*

Electronically Filed - City of St. Louis - April 16, 2021 - 02:36 PM

IN THE CIRCUIT COURT OF CITY OF ST. LOUIS
STATE OF MISSOURI

MATTHEW CARRON,

                                    Plaintiff,

        vs.

TLG 634 NORTH GRAND LLC

and

THYSSENKRUPP ELEVATOR
CORPORATION

                   Defendants.

No. 2122-CC00512

**DEMANDS JURY TRIAL**

## AMENDED NOTICE OF DEPOSITION

**DEPONENT:**                Custodian of Records
                                 Paric Corporation

**DATE AND TIME:**     Friday, May 7, 2021 at 11:00 a.m.

**COURT REPORTER:**   Magna Legal Services

       YOU ARE HEREBY NOTIFIED that the undersigned will take the deposition of the Custodian of Records of Paric Corporation before a Notary Public, or any other duly authorized officer, on **Friday, May 7, 2021 at 11:00 a.m.** at the above address. You are hereby further notified pursuant to the Civil Practice Act and Rules of the Supreme Court of Missouri that you are by this notice required to produce and permit inspection and copying of any designated documents in the subpoena, attached hereto. **With the agreement of all parties, the deponent may be excused from appearance at the location specified for document production and may produce the subpoenaed items pursuant to Rule 57.09(c) to Wiedner & McAuliffe, Ltd., 101 S. Hanley Road, Suite 1450, St. Louis, Missouri 63105.**

Electronically Filed - City of St. Louis - April 16, 2021 - 02:36 PM

Respectfully submitted,

*/s/ Brent L. Salsbury*_____
C. Zachary Vaughn, #56408
Brent L. Salsbury, #58194
Wiedner & McAuliffe
101 S. Hanley Road, Suite 1450
St. Louis, MO 63105
P: 314 721 3400
F: 314 725 5755
czvaughn@wmlaw.com
blsalsbury@wmlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

was sent via this Court's electronic filing system, this 16th day of April, 2021 to:

Ryan A. Keane
Steven Duke
KEANE LAW LLC
7777 Bonhomme Ave, Ste 1600
St. Louis, MO 63105
Ph: (314) 391-4700
Fx: (314) 244-3778
ryan@keanelawllc.com
steve@keanelawllc.com
Attorneys for Plaintiff

*/s/ Brent L. Salsbury*_____

Electronically Filed - City of St. Louis - April 16, 2021 - 02:36 PM

STATE OF MISSOURI )
CITY OF ST LOUIS ) SS

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL COURT
### (ST. LOUIS CITY)

### SUBPOENA
**(Order to Appear and/or Produce Document)**

Matthew Carron
_____
                Plaintiff/Petitioner
Ryan Keane
_____

(314) 391-4700
_____
**Attorney for Plaintiff/Petitioner**

vs.                                          Cause No. 2122-CC00512

                                             Division No._____
TLG 634 North Grand LLC
_____
                Defendant/Respondent
Brent Salsbury
_____

(314) 721-3400
_____
**Attorney for Defendant/Respondent**

THE STATE OF MISSOURI, TO <u>Custodian of Records, Paric Corporation</u>

_____GREETING: That setting aside all manner of excuse and delay, you be and appear at

YOU ARE HEREBY COMMANDED. That setting aside all manner of excuse and delay, you be and appear at

<u>77 Westport Plaza, Suite 250, St. Louis, MO 63146</u>

in the City of St. Louis, on the <u>7th</u> day of <u>May</u> <u>2021</u> at <u>11:00</u> o'clock <u>A</u> .M.,
and thereafter from time to time until the case can be disposed of or you are finally discharged.

☐ To testify on behalf of_____

☒ To produce the following: <u>All documents related to the purchase, construction, and maintenance of</u>
<u>the elevators of the Angad Arts Hotel project for TLG 634 N. Grand, LLC.</u>

☐ With the agreement of all parties, the non-party may be excused from appearance at the deposition and may produce the subpoenaed items to
the party responsible for the issuance and service of the subpoena.

**Thomas L. Kloeppinger**
CIRCUIT CLERK

_Thomas Kloeppinger_

The attorney or party requesting attendance of witness is : <u>Defendant TLG 634 N. Grand, LLC</u>

_____

☐ The date and hour that your testimony shall be required cannot be stated with certainty. Therefore, you are directed to telephone
_____at_____, between the hours of 9:00 AM and 5:00 PM on_____ at which
time you will be further instructed concerning your appearance. Such instruction may require that you appear on a subsequent date,
without further personal service.

**FORM 21 (12/99ML)**

Electronically Filed - City of St. Louis - April 16, 2021 - 02:36 PM

## OFFICER'S RETURN

Served a copy hereof, in the City of St. Louis, Missouri, on the _____ day of _____, _____
(by reading same) (by delivering a true copy) to the within names witness.

| | |
|---|---|
| To summoning the witness | $_____ |
| To the return of the non est on this subpoena | $_____ |
| To _____ miles traveled serving this subpoena | $_____ |
| TOTAL FEES | $_____ |

Sheriff of the City of St. Louis


By_____
                         Deputy

## INSTRUCTIONS TO APPLY FOR WITNESS FEE

After the witness has testified of has been dismissed, the witness shall take this copy to the Office of the Circuit Clerk, or to the appropriate Division Clerk, for entry on the books as provided by law. Otherwise, witness fees cannot be taxed.

## WITNESS CLAIM

I hereby certify that I am entitled to _____ days and _____ miles for service as a witness under a subpoena.



_____
Witness signature


Subscribed and sworn before me and entered this _____ day of _____, _____



**Thomas L. Kloeppinger**
Circuit Clerk

Electronically Filed - City of St. Louis - April 16, 2021 - 02:36 PM

## RECORDS CERTIFICATION

RE:        Carron, Matthew v. TLG 634 N Grand, LLC
Claim No.     3447256
Court No.     N/A
D/A:       10/20/19

Before me, the undersigned authority, personally appeared _____,

who, being by me duly sworn, deposed as follows:

My name is _____, I am of sound mind, capable of making

this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of the records of _____. Attached hereto are

_____ pages of records from _____. These _____ pages of records are

kept by _____ in the regular course of business, and it was the regular

course of business of _____ for an employee or representative of

_____ with knowledge of the act, event, condition, opinion, or

diagnosis recorded to make the record or to transmit information thereof to be included in such

record; and the record was made at or near the time of the act, event, condition, opinion or

diagnosis. The records attached hereto are the original or exact duplicates of the original.

_____

SUBSCRIBED AND SWORN TO before me

this _____ day of _____, ____.

_____
NOTARY PUBLIC

Electronically Filed - City of St. Louis - April 22, 2021 - 05:11 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

MATTHEW CARRON,              )
                                            )
          Plaintiff,          )
                                            )
vs.                              )   Case No. 2122-CC00512
                                            )
TLG 634 GRAND LLC,         )
d/b/a THE ANGAD ARTS HOTEL,   )
and THYSSENKRUPP ELEVATOR  )
CORPORATION,               )
                                            )
          Defendants     )

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of Plaintiff's Answers to Defendants' First Interrogatories and Responses to Defendants' First Requests for Production was served in PDF format via electronic mail to the counsel of record on the 22nd day of April 2021.

Dated: April 22, 2021          Respectfully submitted,

                                 KEANE LAW LLC

By:    */s/ Steven Duke*
          Ryan A. Keane, # 62112
          Steven Duke, # 68034
          7777 Bonhomme Ave, Ste 1600
          St. Louis, MO 63105
          Ph: (314) 391-4700
          Fx: (314) 244-3778
          ryan@keanelawllc.com
          steve@keanelawllc.com
          *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - April 23, 2021 - 10:48 AM

STATE OF MISSOURI )
CITY OF ST LOUIS ) SS

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL COURT
### (ST. LOUIS CITY)

**SUBPOENA**
**(Order to Appear and/or Produce Document)**

Matthew Carron
_____
**Plaintiff/Petitioner**
Ryan Keane
_____

(314 ) 391-4700
**Attorney for Plaintiff/Petitioner**

**vs.**

TLG 634 North Grand LLC
_____
**Defendant/Respondent**
Brent Salsbury
_____

(314 ) 721-3400
**Attorney for Defendant/Respondent**

Cause No. 2122-CC00512 _____

Division No. _____

THE STATE OF MISSOURI, TO Custodian of Records, Paric Corporation _____

_____GREETING:

YOU ARE HEREBY COMMANDED. That setting aside all manner of excuse and delay, you be and appear at

77 Westport Plaza, Suite 250, St. Louis, MO 63146 _____

in the City of St. Louis, on the 7th day of May , 2021 at 11:00 o'clock A .M.,
and thereafter from time to time until the case can be disposed of or you are finally discharged.

☐ To testify on behalf of_____

☒ To produce the following: All documents related to the purchase, construction, and maintenance of
the elevators of the Angad Arts Hotel project for TLG 634 N. Grand, LLC.

☐ With the agreement of all parties, the non-party may be excused from appearance at the deposition and may produce the subpoenaed items to
the party responsible for the issuance and service of the subpoena. **Thomas L. Kloeppinger**
**CIRCUIT CLERK**

_Thomas Kloeppinger_

The attorney or party requesting attendance of witness is : Defendant TLG 634 N. Grand, LLC _____

_____

☐ The date and hour that your testimony shall be required cannot be stated with certainty. Therefore, you are directed to telephone
_____at _____, between the hours of 9:00 AM and 5:00 PM on _____ at which
time you will be further instructed concerning your appearance. Such instruction may require that you appear on a subsequent date,
without further personal service.
**FORM 21 (12/99ML)**

Electronically Filed - City of St. Louis - April 23, 2021 - 10:48 AM

## OFFICER'S RETURN

Served a copy hereof, in the ~~City~~ *County* of St. Louis, Missouri, on the __19th__ day of __April__, __2021__ at __12:57pm__ (by reading same) (by delivering a true copy) to the within names witness.

| | |
|---|---|
| To summoning the witness | $_____ |
| To the return of the non est on this subpoena | $_____ |
| To _____ miles traveled serving this subpoena | $_____ |
| TOTAL FEES | $_____ |

~~Sheriff of the City of St. Louis~~ *Process Serve*

By_____
~~Deputy~~

## INSTRUCTIONS TO APPLY FOR WITNESS FEE

After the witness has testified of has been dismissed, the witness shall take this copy to the Office of the Circuit Clerk, or to the appropriate Division Clerk, for entry on the books as provided by law. Otherwise, witness fees cannot be taxed.

## WITNESS CLAIM

I hereby certify that I am entitled to _____ days and _____ miles for service as a witness under a subpoena.

_____
Witness signature

Subscribed and sworn before me and entered this _____ day of_____, _____

**Thomas L. Kloeppinger**
Circuit Clerk

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

MATTHEW CARRON,
Plaintiff

v.

TLG 634 GRAND LLC, d/b/a THE ANGAD
ARTS HOTEL, and THYSSENKRUPP
ELEVATOR CORPORATION,

Defendants.

Case No. 2122-CC00512

Division No.   1

## ENTRY OF APPEARANCE

COMES NOW Peter B. Hoffman of the law firm of Baker Sterchi Cowden & Rice LLC

hereby enters his appearance in this matter as counsel of record for Defendant TK Elevator

Corporation, formerly known as Thyssenkrupp Elevator Corporation.

Respectfully Submitted,

**BAKER STERCHI COWDEN & RICE LLC**

By____*/s/Peter B. Hoffman*_____
       Peter B. Hoffman, #25645
       100 North Broadway, 21st Floor
       St. Louis, MO 63102
       (314) 345-5000
       (314) 345-5055 (facsimile)
       hoffman@bscr-law.com

       Douglas P. Hill, #62950
       400 Pershing Road, Suite 500
       Kansas City, MO  64108
       (816) 471-2121
       (816) 472-0288 (facsimile)
       dhill@bscr-law.com
**ATTORNEYS FOR DEFENDANT TK
ELEVATOR CORPORATION f/k/a
THYSSENKRUPP ELEVATOR
CORPORATION**

**Certificate of Service**

    I hereby certify that on April 23, 2021, I electronically filed the foregoing by means of the Court's ECF system, which sent notification of such filing to all counsel of record.

                                     */s/Peter B. Hoffman*

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
### STATE OF MISSOURI

| | |
|---|---|
| MATTHEW CARRON,<br>Plaintiff | Case No. 2122-CC00512 |
| v. | 1<br>Division No.   1 |
| TLG 634 GRAND LLC, d/b/a THE ANGAD<br>ARTS HOTEL, and THYSSENKRUPP<br>ELEVATOR CORPORATION,<br>.<br>      Defendants. | **JURY TRIAL DEMANDED** |

### <u>ANSWER OF DEFENDANT TK ELEVATOR CORPORATION f/k/a THYSSENKRUPP ELEVATOR CORPORATION TO PLAINTIFF'S PETITION</u>

**COMES NOW** Defendant, TK Elevator Corporation formerly known as Thyssenkrupp Elevator Corporation ("hereinafter sometimes referred to as TKE") and for its Answer to Plaintiff's Petition states as follows:

### <u>INTRODUCTION</u>

1.      In response to Paragraph 1, TKE states that this paragraph fails to comply with Rule 55.11 in that it is not limited to a single set of circumstances, but TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 1 and, therefore, denies the same.

### <u>PARTIES AND VENUE</u>

2.      TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 2 and, therefore, denies the same.

3.      TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 3 and, therefore, denies the same.

4.      TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, denies the same.

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

5.     In response to Paragraph 5, TKE admits that it is a corporation organized under the laws of the State of Delaware, that it is licensed to do business in the State of Missouri, and that it sometimes engages in selling some products into the stream of commerce, including the State of Missouri, but except as so expressly admitted herein, it denies the remainder of this paragraph.

6.     In response to Paragraph 6, TKE admits that the Angad Arts Hotel is located at 3550 Samuel Shepard Drive, in St. Louis, Missouri and states that the remaining allegations contained in this paragraph constitute conclusions of law to which no response is required at this time.  To the extent a response is required at this time, TKE states that it lacks sufficient information to form a belief about the truth of the remaining allegations contained in this paragraph and, therefore, denies the same.

### FACTS COMMON TO ALL COUNTS

7.     In response to Paragraph 7, TKE incorporates by reference each preceding paragraph of this Answer.

8.     TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 8 and, therefore, denies the same.

9.     TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 9 and, therefore, denies the same.

10.     TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 10 and, therefore, denies the same.

11.     TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 11 and, therefore, denies the same.

12.     TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 12 and, therefore, denies the same.

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

13. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 13 and, therefore, denies the same.

14. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 14 and, therefore, denies the same.

15. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 15 and, therefore, denies the same.

16. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 16 and, therefore, denies the same.

17. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 17 and, therefore, denies the same.

18. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 18 and, therefore, denies the same.

19. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 19 and, therefore, denies the same.

20. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 20 and, therefore, denies the same.

21. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 21 and, therefore, denies the same.

22. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 22 and, therefore, denies the same.

23. TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 23 and, therefore, denies the same.

24. TKE lacks sufficient information to form a belief about the truth of the allegations

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

contained in Paragraph 24 and, therefore, denies the same.

25.    TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 25 and, therefore, denies the same.

26.    TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 26 and, therefore, denies the same.

27.    TKE lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 27 and, therefore, denies the same.

### Missouri's Safety Code for Elevators

28.    In response to Paragraph 28, TKE incorporates by reference each preceding paragraph of this Answer.

29.    In response to Paragraph 29, TKE states that this paragraph constitutes a conclusion of law to which no response is required at this time.  To the extent a response is required at this time, TKE states that the code provisions referenced in this paragraph are contained in a written document that speaks for itself.

30.    In response to Paragraph 30, TKE states that this paragraph constitutes a conclusion of law to which no response is required at this time.  To the extent a response is required at this time, TKE states that the code provisions referenced in this paragraph are contained in a written document that speaks for itself.

31.    In response to Paragraph 31, including subparts (a) through (h), TKE states that this paragraph constitutes a conclusion of law to which no response is required at this time.  To the extent a response is required at this time, TKE states that the code provisions referenced in this paragraph are contained in a written document that speaks for itself.  By making these statements TKE neither admits or denies that the language included in this paragraph is accurately listed and neither admits nor denies that the language is in the context of the document

4

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

from which it purports to have been taken.

32.     In response to Paragraph 32, TKE states that this paragraph constitutes a conclusion of law to which no response is required at this time.  To the extent a response is required at this time, TKE states that the code provisions referenced in this paragraph are contained in a written document that speaks for itself.  By making these statements TKE neither admits nor denies that the language included in this paragraph is accurately listed and neither admits nor denies that the language is in the context of the document from which it purports to have been taken.

33.     In response to Paragraph 33, TKE states that this paragraph constitutes a conclusion of law to which no response is required at this time.  To the extent a response is required at this time, TKE states that the code provisions referenced in this paragraph are contained in a written document that speaks for itself.  By making these statements TKE neither admits nor denies that the language included in this paragraph is accurately listed and neither admits nor denies that the language is in the context of the document from which it purports to have been taken.

34.     In response to Paragraph 34, TKE states that this paragraph constitutes a conclusion of law to which no response is required at this time.  To the extent a response is required at this time, TKE states that the code provisions referenced in this paragraph are contained in a written document that speaks for itself.  By making these statements TKE neither admits nor denies that the language included in this paragraph is accurately listed and neither admits nor denies that the language is in the context of the document from which it purports to have been taken..

35.     TKE denies the allegations contained in Paragraph 35, to the extent they are

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

directed at TKE.  To the extent the allegations contained in this paragraph are directed at others, TKE states that it lacks sufficient information to form a belief about the truth of said allegations and, therefore, denies the same

## COUNT I
## NEGLIGENCE OF DEFENDANT TLG 634 GRAND LLC

Count I of the Petition is not directed at this defendant and, accordingly, TKE makes no response to the allegations contained in this count.  To the extent it is contended that any allegations from this count are directed at this defendant, TKE denies all such allegations.

## COUNT II
## NEGLIGENCE *PER SE* OF DEFENDANT TLG 634 GRAND LLC

Count II of the Petition is not directed at this defendant and, accordingly, TKE makes no response to the allegations contained in this count.  To the extent it is contended that any allegations from this count are directed at this defendant, TKE denies all such allegations.

## COUNT III
## PREMISES LIABILITY OF DEFENDANT TLG 634 GRAND LLC

Count III of the Petition is not directed at this defendant and, accordingly, TKE makes no response to the allegations contained in this count.  To the extent it is contended that any allegations from this count are directed at this defendant, TKE denies all such allegations.

## COUNT IV
## STRICT LIABILITY FOR PRODUCT DEFECT OF DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION

56.      In response to Paragraph 56, TKE incorporates by reference each preceding paragraph of this answer.

57.      TKE admits that in the course of its business it does sell elevator products. Plaintiff has not defined the term "subject elevator" so TKE lacks sufficient information to form a belief about the truth of that part of this paragraph and except as so stated previously, TKE

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

denies the remaining allegations of paragraph 57.

58.     TKE denies the allegations contained in Paragraph 58, including subparts (a)

through (d).

59.     TKE denies the allegations contained in Paragraph 59.

60.     TKE lacks sufficient information to form a believe about the truth of the

allegations contained in Paragraph 60 and, therefore, denies the same.

61.     TKE denies the allegations contained in Paragraph 61.

62.     TKE denies the allegations contained in Paragraph 62.  In further response, TKE

states that this paragraph constitutes a claim for punitive damages that is being asserted in an

initial pleading and without leave of the Court.  This  therefore violates Mo. Rev. Stat. §

510.261, and the paragraph should be stricken

**WHEREFORE,** having fully answered Count IV, TKE prays for judgment in its favor

on this count and that it be dismissed from this action with its costs, fees, expenses, and any

other relief the Court deems proper.

## COUNT V
### STRICT LIABILITY FOR FAILURE TO WARN DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION

63.     In response to Paragraph 63, TKE incorporates by reference each preceding

paragraph of this answer.

64.     TKE admits that in the course of its business it does sell elevator products.

Plaintiff has not defined the term "subject elevator" so TKE lacks sufficient information to form

a belief about the truth of that part of this paragraph and except as so stated previously, TKE

denies the remaining allegations of paragraph 64.

65.     TKE denies the allegations contained in Paragraph 65, including subparts (a)

through (d).

7

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

66.    TKE denies the allegations contained in Paragraph 66.

67.    TKE lacks sufficient information to form a believe about the truth of the allegations contained in Paragraph 67 and, therefore, denies the same.

68.    TKE denies the allegations contained in Paragraph 68.

69.    TKE lacks sufficient information to form a believe about the truth of the allegations contained in Paragraph 69 and, therefore, denies the same.

70.    TKE denies the allegations contained in Paragraph 70.

71.    TKE denies the allegations contained in Paragraph 71.  In further response, TKE states that this paragraph constitutes a claim for punitive damages that is being asserted in an initial pleading and without leave of the Court.  This paragraph therefore violates Mo. Rev. Stat. § 510.261, and the paragraph should be stricken.

**WHEREFORE,** having fully answered Count V, TKE prays for judgment in its favor on this count and that it be dismissed from this action with its costs, fees, expenses, and any other relief the Court deems proper.

## COUNT VI
## NEGLIGENCE OF DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION FOR MANUFACTURE AND/OR DESIGN

72.    In response to Paragraph 72, TKE incorporates by reference each preceding paragraph of this answer.

73.    TKE admits that in the course of its business it does sell elevator products. Plaintiff has not defined the term "subject elevator" so TKE lacks sufficient information to form a belief about the truth of that part of this paragraph and except as so stated previously, TKE denies the remaining allegations of paragraph 73.

74.    TKE denies the allegations contained in Paragraph 74, including subparts (a) through (d).

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

75.     TKE denies the allegations contained in Paragraph 75, including subparts (a) through (e).

76.     TKE lacks sufficient information to form a believe about the truth of the allegations contained in Paragraph 76 and, therefore, denies the same.

77.     TKE denies the allegations contained in Paragraph 77.

78.     TKE denies the allegations contained in Paragraph 78.  In further response, TKE states that this paragraph constitutes a claim for punitive damages that is being asserted in an initial pleading and without leave of the Court.  This paragraph therefore violates Mo. Rev. Stat. § 510.261, and the paragraph should be stricken.

**WHEREFORE,** having fully answered Count VI, TKE prays for judgment in its favor on this count and that it be dismissed from this action with its costs, fees, expenses, and any other relief the Court deems proper.

## COUNT VII
## NEGLIGENCE OF DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION FOR A FAILURE TO WARN

79.     In response to Paragraph 79, TKE incorporates by reference each preceding paragraph of this answer.

80.     TKE admits that in the course of its business it does sell elevator products. Plaintiff has not defined the term "subject elevator" so TKE lacks sufficient information to form a belief about the truth of that part of this paragraph and except as so stated previously, TKE denies the remaining allegations of paragraph 80.

81.     TKE denies the allegations contained in Paragraph 81, including subparts (a) through (d).

82.     TKE denies the allegations contained in Paragraph 82, including subparts (a) through (c).

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

83.    TKE lacks sufficient information to form a believe about the truth of the allegations contained in Paragraph 83 and, therefore, denies the same.

84.    TKE denies the allegations contained in Paragraph 84.

85.    TKE denies the allegations contained in Paragraph 85.  In further response, TKE states that this paragraph constitutes a claim for punitive damages that is being asserted in an initial pleading and without leave of the Court.  This paragraph therefore violates Mo. Rev. Stat. § 510.261, and the paragraph should be stricken.

**WHEREFORE,** having fully answered Count VII, TKE prays for judgment in its favor on this count and that it be dismissed from this action with its costs, fees, expenses, and any other relief the Court deems proper.

## COUNT VIII
### NEGLIGENCE PER SE OF DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION

86.    In response to Paragraph 86, TKE incorporates by reference each preceding paragraph of this answer.

87.    TKE denies the allegations contained in Paragraph 87, including subparts (a) through (c).

88.    TKE lacks sufficient information to form a believe about the truth of the allegations contained in Paragraph 88 and, therefore, denies the same.

89.    TKE lacks sufficient information to form a believe about the truth of the allegations contained in Paragraph 89 and, therefore, denies the same.

90.    TKE denies the allegations contained in Paragraph 90.

91.    TKE denies the allegations contained in Paragraph 91.  In further response, TKE states that this paragraph constitutes a claim for punitive damages that is being asserted in an initial pleading and without leave of the Court.  This paragraph therefore violates Mo. Rev. Stat.

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

§ 510.261, and the count should be stricken.

**WHEREFORE,** having fully answered Count VIII, TKE prays for judgment in its favor on this count and that it be dismissed from this action with its costs, fees, expenses, and any other relief the Court deems proper.

## GENERAL DENIAL

TKE denies any allegation contained in the Petition that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

In further answer to the Petition, TKE states as follows:

1.      The Petition fails to state a claim against TKE upon which relief can be granted, in that it fails to allege, beyond conclusory allegations, the ultimate facts demonstrating Plaintiff's entitlement to the relief sought and, therefore, fails to satisfy the "rigorous level of factual detail" required under Missouri's fact-pleading standard as set forth in Rule 55.05. *See Green v. Penn-America Ins. Co.*, 242 S.W.3d 374, 379-80 (Mo. App. W.D. 2007). Specifically, Plaintiff has failed to allege ultimate facts showing that TKE owed Plaintiff any legal duty, that TKE breached any such legal duty, or that any such breach by TKE proximately caused Plaintiff's alleged injuries and damages, the extent and nature of which TKE expressly denies.

2.      Plaintiff's alleged injuries and damages, the extent and nature of which TKE expressly denies, were caused in whole or in part by the acts, omissions, negligence, sole fault, and/or comparative fault of Plaintiff, including the fault identified in Section 537.765 R.S.Mo. negligence or fault of the other defendant in this action, and/or others over whom TKE had neither control nor right of control and for whose conduct TKE cannot be held liable. This includes but is not necessarily limited to: Plaintiff's failure to take reasonable care and precautions to prevent the incident described in the Petition; Plaintiff's failure to take reasonable steps to await and/or obtain assistance to get out of the elevator; Plaintiff's failure to refrain from

11

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

jumping and dislodging parts of the elevator as described in the Petition; Plaintiff's reckless efforts to pry open the elevator doors, as well as his other reckless conduct as described in paragraphs 18-25 of the Petition. . TKE is entitled to an assessment of the relative fault of all such persons and entities, and TKE is responsible only for that percentage of fault, if any, that may be assessed against it. Investigation has just begun and is ongoing, and TKE reserves the right to assert additional or different facts in support of this defense, if necessary, between now and the time of trial.

3. Plaintiff's alleged injuries and damages, the extent and nature of which TKE expressly denies, were the result of superseding and/or intervening causes for which TKE cannot be held liable. This includes but is not necessarily limited to a superseding and/or intervening cause, the exact nature of which is not currently known to TKE, leading to the events described in Paragraphs 8 through 26 of the Petition. Investigation has just begun and is ongoing, and TKE reserves the right to assert additional or different facts in support of this defense, if necessary, between now and the time of trial.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's assumption of the risk of injury based on his own conduct, including the conduct alleged in Paragraphs 24 and 25 of the Petition.

5. Plaintiff's claims are barred, in whole or in part, by his own failure to mitigate his alleged damages, the extent and nature of which TKE expressly denies. These failures may include but are not necessarily limited to: failing to take reasonable action to prevent injuries to himself; by failing to remain within the stationary elevator car; by failing to use efforts to continue to seek assistance from inside of the car without exposing himself to potential injury, by failing to seek appropriate medical care or treatment; failing to attend to and follow the advice

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

and recommendations of healthcare providers; failing to seek appropriate follow-up care; failing

to limit or control the costs of medical care; and/or failing to maintain adequate health insurance,

including coverage under the Affordable Care Act and/or other applicable law.  Investigation has

just begun and is ongoing, and TKE reserves the right to assert additional or different facts in

support of this defense, if necessary, between now and the time of trial.

      6.     To the extent Plaintiff is seeking to hold TKE jointly and severally liable with any

other defendant, such claims are barred or limited by Mo. Rev. Stat. § 537.067; TKE cannot be

held jointly and severally liable with any other defendant, except as provided for therein.

      7.     Plaintiff's recovery, if any, must be reduced in accordance with Mo. Rev. Stat. §

537.060 and/or the common law right to credits, reductions, and set-offs for any settlement

reached between Plaintiff and any other person or entity for any of their alleged damages.

      8.     Plaintiff's recovery, if any, for medical expense must be limited and/or reduced in

accordance with Mo. Rev. Stat. § 490.715 and must be limited to the "actual cost of the medical

care or treatment," as that phrase is defined therein.

      9.     Plaintiff's claims are barred, in whole or in part, by the contract specifications

defense as applied under Missouri law, because to the extent TKE manufactured or assembled

any allegedly defective product, TKE did so in reliance on specifications provided by its

customer. *See Hopfer v. Neenah Foundry Co.*, 477 S.W.3d 116 (Mo. App. E.D. 2015).

      10.     Plaintiff's claims are barred, in whole or in part, because to the extent any product

manufactured or sold by TKE is alleged to have caused or contributed to the cause of the

incidents described in Plaintiff's Petition, the design, method of manufacturing, warnings,

information, and instructions for use of any such product were in conformity with the generally

recognized state of the art standards applicable at the time, as set forth in Mo. Rev. Stat. §

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

537.764.

11.     Plaintiff's claims for punitive damages against TKE are barred by the provisions of Mo. Rev. Stat. § 510.261, including but not necessarily limited to the prohibition on assertion of claims for punitive damages in an initial pleading and without leave of the court.

12.     Plaintiff's claims for punitive damages are a barred, in whole or in part, because such an award would be unconstitutional under the United States Constitution and/or the Constitution of the State of Missouri, for reasons that include but are not necessarily limited to the following:

a.  There are no objective limitations or adequate legal standards to guide the jury or fact-finder in awarding punitive damages, thereby allowing an award of punitive damages to be imposed: (1) without adequate notice of the type of conduct or mental state upon which such damages may be based; (2) without adequate notice of the amount of punitive damages that may be awarded; (3) based upon vague, unpredictable, conflicting, and purely subjective standards; and/or (4) in an irrational, arbitrary, and capricious manner, all in violation of constitutional due process protections.  TKE specifically incorporates by reference all due process limitations regarding the determination of punitive damages articulated in the decisions of the United States Supreme Court or the Supreme Court of Missouri, including but not limited to *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 432 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

b.  Any award of punitive damages would constitute an unconstitutional criminal sanction and/or excessive or multiple fine or punishment, imposed in a civil proceeding without

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

the protection of the constitutional and statutory rights which must be accorded to a party in a criminal proceeding.

c. An award of punitive damages may be determined on the basis of a party's wealth or economic status, that one party's liability for punitive damages may be more than another party's liability for substantially identical conduct, based unconstitutionally on the parties' respective wealth, class, and/or economic status.

d. Imposition of punitive damages based on vague, conflicting, uncertain, and/or purely subjective standards and without adequate notice of said standards creates a chilling effect on constitutionally protected freedoms of speech, expression, movement, and/or contract.

13.     TKE incorporates by reference and asserts for itself all affirmative defenses that may be asserted in this action by any other defendant, to the extent they may also apply to TKE.

14.     TKE states that it reserves the right to assert any other affirmative defenses that may become apparent through the course of discovery and investigation between now and the time of trial.

WHEREFORE, having fully answered, Defendant TK Elevator Corporation f/k/a thyssenkrupp Elevator Corporation respectfully prays that this Court enter judgment in its favor on all of Plaintiff's claims against it and that it be discharged from this action with its costs, fees, expenses, and any other relief the Court deems proper.

Electronically Filed - City of St. Louis - April 23, 2021 - 07:04 PM

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE LLC**

By: */s/ Peter B. Hoffman*
    Peter B. Hoffman, # 25645
    100 North Broadway, 21st Floor
    St. Louis, MO 63102
    (314) 345-5000
    (314) 345-5055 (facsimile)
    hoffman@bscr-law.com
*-and-*
    Douglas P. Hill, #62950
    400 Pershing Road, Suite 500
    Kansas City, MO  64108
    (816) 471-2121
    (816) 472-0288 (facsimile)
    dhill@bscr-law.com
**ATTORNEYS FOR DEFENDANT TK
ELEVATOR CORPORATION f/k/a
THYSSENKRUPP ELEVATOR
CORPORATION**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on April 23, 2021, the foregoing was filed through the Court's electronic filing system, with service to be accomplished by that system on all other parties through their respective counsel of record.

                */s/ Peter B. Hoffman*
                Attorney

Electronically Filed - City of St. Louis - April 26, 2021 - 10:08 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| MATTHEW CARRON,<br>　　　　Plaintiff<br><br>v.<br><br>TLG 634 GRAND LLC, d/b/a THE ANGAD<br>ARTS HOTEL, and THYSSENKRUPP<br>ELEVATOR CORPORATION,<br><br>　　　　Defendants. | Case No. 2122-CC00512<br><br>Division No.　1 |

<u>**ENTRY OF APPEARANCE**</u>

COMES NOW Douglas P. Hill of the law firm of Baker Sterchi Cowden & Rice LLC

hereby enters his appearance in this matter as counsel of record for Defendant TK Elevator

Corporation, formerly known as Thyssenkrupp Elevator Corporation.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE LLC**

By　　*/s/Douglas P. Hill*
　　　　Peter B. Hoffman, #25645
　　　　100 North Broadway, 21st Floor
　　　　St. Louis, MO 63102
　　　　(314) 345-5000
　　　　(314) 345-5055 (facsimile)
　　　　hoffman@bscr-law.com

　　　　Douglas P. Hill, #62950
　　　　2400 Pershing Road, Suite 500
　　　　Kansas City, MO  64108
　　　　(816) 471-2121
　　　　(816) 472-0288 (facsimile)
　　　　dhill@bscr-law.com

**ATTORNEYS FOR DEFENDANT**
**TK ELEVATOR CORPORATION f/k/a**
**THYSSENKRUPP ELEVATOR**
**CORPORATION**

Electronically Filed - City of St. Louis - April 26, 2021 - 10:08 AM

**<u>Certificate of Service</u>**

    I hereby certify that on April 26, I electronically filed the foregoing by means of the Court's ECF system, which sent notification of such filing to all counsel of record.

                                    */s/Douglas P. Hill*