**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **MATTHEW CARRON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:21-cv-00561-JCH |
| v. ) | |
| ) | |
| **TLG 634 GRAND LLC,** ) | |
| d/b/a **THE ANGAD ARTS HOTEL** ) | Removed from: |
| ) | Circuit Court of the City of |
| and ) | St. Louis |
| ) | Case No. 2122-CC00512 |
| **THYSSENKRUPP ELEVATOR** ) | |
| **CORPORATION,** ) | |
| ) | |
| Defendants | |

**MOTION FOR VOLUNTARY REMAND BY CONSENT**

**COMES NOW** Defendant, Thyssenkrupp Elevator Corporation ("hereinafter sometimes referred to as "TKE") and pursuant to 28 U.S.C. § 1447, moves this Court for leave to remand this case to the Circuit Court of the City of St. Louis, and as grounds therefore, TKE states as follows:

1. TKE removed this case from the Circuit Court for the City of St. Louis on or about Friday, May 14, 2021.

2. Part of the Jurisdictional basis for removal was diversity of citizenship. Co-Defendant, TLG 634 Grand LLC, d/b/a The Angad Arts Hotel (hereinafter sometimes referred to as "TLG 634 Grand") is a citizen of the state of Missouri.

3. TKE, which was the removing party, is not a citizen of Missouri.

4. 28 U.S. C. Section 1441(b)(2) prohibits removal based on Diversity of Citizenship, when any of the parties properly joined and served is a citizen of the State in which the original action

was brought.

5. Lead counsel for TKE, Peter B. Hoffman, mistakenly believed that so long as the removing Defendant was not a citizen of the forum, the presence of another Defendant which was a citizen of the forum state, which had already appeared of record in the state court and which consented to but did not join in the Removal, would not defeat diversity.  Since the Removal he has determined that his belief was in error.

6. Counsel for TKE removed this case in good faith, with no intent to delay or interfere with the progression of the case in the Circuit Court for the City of St. Louis, but now believes that remand is necessary because of his mistake.

7. Peter B. Hoffman has obtained permission from his client to seek Remand from this Court.

8. Attorney for Plaintiff, Ryan Keane, stipulates that remand is necessary and proper because this Court does not have subject matter jurisdiction.

9. Attorney for Co-Defendant, TLG 634 Grand, Brent Salsbury, also stipulates to remand of this case to state court.

10. Peter B. Hoffman apologizes to this Court and to counsel for his mistake and the inconvenience his mistake has caused.

WHEREFORE, Thyssenkrupp Elevator Company respectfully requests that this case be voluntarily remanded to the Circuit Court of the City of St. Louis, State of Missouri and that this Court give notice of this remand to the Circuit Court for the City of St. Louis, together with such further relief as this Court deems just under the premises.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE LLC**

By: */s/ Peter B. Hoffman*
    Peter B. Hoffman, # MO 25645
    100 North Broadway, 21st Floor
    St. Louis, MO 63102
    (314) 345-5000
    (314) 345-5055 (facsimile)
    hoffman@bscr-law.com

*-and-*

    Douglas P. Hill, # MO 62950
    400 Pershing Road, Suite 500
    Kansas City, MO  64108
    (816) 471-2121
    (816) 472-0288 (facsimile)
    dhill@bscr-law.com
**ATTORNEYS FOR DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2021, the foregoing was filed through the Court's electronic filing system, with service to be accomplished by that system on all counsel of record.

*/s/ Peter B. Hoffman*
Attorney